[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10798
Non-Argument Calendar
_____

Agency No. A093-075-861

MARINA OLIVEIRA,
EDIR AUGUSTO DA SILVA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 7, 2014)

Before JULIE CARNES and ANDERSON, Circuit Judges.*

_____

*This decision is rendered by a quorum due to the retirement of Judge James C. Hill on October
20, 2014.   See 28 U.S.C. §46(d).

PER CURIAM:

Marina Oliveira and Edir Augusto Da Silva, natives and citizens of Brazil, petition for review of the denial of their motion to the Board of Immigration Appeals ("BIA") to reconsider its September 17, 2013 denial of their application for cancellation of removal, pursuant to § 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1), on the ground that their removal would result in exceptional and extremely unusual hardship to their two sons, who are United States citizens.

Oliveira and Da Silva argue on appeal that the BIA overlooked evidence that supported their motion to reconsider, including that, if they returned to Brazil, their sons would be deprived of educational opportunities and the petitioners would be completely unable to provide for their family. In doing so, they assert, the BIA violated their due process rights. The petitioners also contend that the BIA failed to consider its precedential decisions in Matter of Monreal-Aguinaga, 23 I.&N. Dec. 56 (BIA 2001), Matter of Andazola-Rivas, 23 I.&N. Dec. 319 (BIA 2002), and Matter of Gonzalez Recinas, 23 I.&N. Dec. 467 (BIA 2002). The petitioners maintain that we have jurisdiction to review the BIA's decision that they failed to meet the exceptional and extremely unusual hardship standard because they have alleged a due process violation. The petitioners also argue that the Immigration Judge ("IJ") erred in concluding that they failed to establish their continuous

2

physical presence in the United States and that the IJ demonstrated prejudice, discrimination, and bias against them, in violation of their due process rights.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). An alien may file one motion to reconsider a decision that he is removable from the United States. INA § 240(c)(6)(A), 8 U.S.C. § 1229a(c)(6)(A). The motion shall specify the errors of law or fact in the removal order and be supported by pertinent authority. INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). Merely reiterating arguments previously made to the BIA does not specify errors of law or fact as required for a successful motion to reconsider. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007).

The Attorney General may cancel the removal of an alien who is inadmissible or deportable if the alien: (a) has been physically present in the United States for a continuous period of at least ten years immediately preceding the date of the alien's application for cancellation of removal; (b) has been a person of good moral character during that same ten-year period; (c) has not been convicted of enumerated criminal offenses; and (d) establishes that his removal would cause exceptional and extremely unusual hardship to his spouse, parent, or child who is a United States citizen or an alien lawfully admitted for permanent residence. INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

We review our own subject matter jurisdiction de novo.  Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221 (11th Cir. 2006).  We lack jurisdiction to review a determination that an alien has failed to satisfy the exceptional and extremely unusual hardship standard.  INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); Martinez, 446 F.3d at 1221-23.  However, we have jurisdiction over related constitutional claims or questions of law raised in a petition for review. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  We have jurisdiction over constitutional claims only when a petitioner alleges "at least a colorable constitutional violation," which means that "the claim must have some possible validity."  Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (quotations omitted).  A petitioner cannot create jurisdiction "simply by cloaking an abuse of discretion argument in constitutional garb."  Id. at 1284 (quotation omitted).  Challenges to the agency's conclusion that the alien failed to demonstrate exceptional and extremely unusual hardship are not constitutional claims or questions of law subject to review pursuant to INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  Alhuay v. U.S. Att'y Gen., 661 F.3d 534, 549-50 (11th Cir. 2011).

To obtain judicial review of an order of removal, an alien must file a petition for review with this Court not later than 30 days after the final order of removal was issued.  *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1).  The deadline is

4

mandatory and jurisdictional and is not subject to equitable tolling.  Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).  The filing of a motion to reconsider does not affect the finality of the removal order.  Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350-51 (11th Cir. 2005).  Neither does it toll the deadline for filing a petition for review.  See id.; Dakane, 399 F.3d at 1272 n.3 (addressing a motion to reopen).

In addition, we may not review a final order of removal unless the alien has exhausted all administrative remedies available to him as of right. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).  Thus, we lack jurisdiction to consider claims that were not first presented to the BIA.  Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006).

Here, Oliveira and Da Silva's motion to the BIA to reconsider its September 17, 2013 denial of their application for cancellation of removal did not specify any errors of law or fact in the BIA's September 17, 2013 decision. *See* INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C).  Rather, the motion simply restated the petitioners' earlier argument that under Monreal-Aguinaga, 23 I.&N. Dec. 56, Matter of Andazola-Rivas, 23 I.&N. Dec. 319, and Matter of Gonzalez Recinas, 23 I.&N. Dec. 467, they satisfied the exceptional and extremely unusual hardship standard, and their earlier factual allegations regarding their inability to support their family in Brazil, the lack of educational opportunities there for their

5

sons, and the lower standard of living they would all face.  See Calle, 504 F.3d at 1329.  Accordingly, to the extent that Oliveira and Da Silva's petition for review challenges the BIA's denial of their motion to reconsider, the petition is denied.

Pursuant to INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to consider the petitioners' claim that the BIA and IJ erred in concluding that they failed to satisfy the exceptional and extremely unusual hardship standard.  Martinez, 446 F.3d at 1221-23.  While the petitioners allege that the BIA violated their due process rights in reaching its decision, the due process claim is not colorable, as it actually alleges that the BIA failed to properly credit or weigh the evidence they presented.  See Arias, 482 F.3d at 1284 & n.2; Alhuay, 661 F.3d at 549-50.  Moreover, the petitioners did not seek review of the BIA's September 17, 2013 decision in this Court.

We also lack jurisdiction over the petitioners' claim that the IJ violated their due process rights by exhibiting prejudice, discrimination, and bias toward them because they failed to raise that claim before the BIA at any point.  See Amaya-Artunduaga, 463 F.3d at 1250-51.  We likewise lack jurisdiction over the petitioners' claim that the IJ incorrectly concluded that they had not established their continuous physical presence in the United States because it has no bearing on the BIA's denial of relief, which entirely rested on their failure to meet the exceptional and extremely unusual hardship standard.  See Lopez v. U.S. Att'y

Gen., 504 F.3d 1341, 1344 (11th Cir. 2007).  Accordingly, to the extent that

Oliveira and Da Silva's petition for review challenges issues other than the denial

of their motion to reconsider, the petition is dismissed.

DENIED in part and DISMISSED in part.